UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Oscar H. Juarez,   Case No. 3:17-cv-01305

    Petitioner

v.   MEMORANDUM OPINION
   AND ORDER

Ronald Erdos,

    Respondent

**BACKGROUND AND HISTORY**

*Pro se* Petitioner Oscar H. Juarez filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner is incarcerated in the Southern Ohio Correctional Facility, serving a year life sentence for aggravated murder imposed by the Lucas County Court of Common Pleas in 1975. He indicates he exhausted his state court appeals in 1976 and 1977, and then escaped from prison and remained at large for 37 years. He was arrested in Minnesota on November 6, 2015, and extradited to Ohio on February 1, 2016. He filed this Habeas Petition more than one year and three months later on May 26, 2017, in the United States District Court for the Southern District of Ohio. The Southern District transferred the Petition to this Court. As grounds for the Petition, Petitioner asserts that his conviction was against the manifest weight of the evidence and he received ineffective assistance of trial counsel. He acknowledges that the statute of limitations to file his Petition expired; however, he contends he is entitled to equitable tolling

because after his escape, he was not in custody of the State of Ohio and therefore he could not file a Petition under 28 U.S.C. § 2254. He also contends when he was arrested and returned to Ohio, he had difficulty procuring his conviction records because so much time had passed. For the reasons set forth below, the Petition is denied as untimely and this action is dismissed.

### STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996, and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008).

The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 - 76 (6th Cir. 2008).

A decision is contrary to clearly established law under § 2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id.* at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under § 2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its findings conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

## IV. Procedural Barriers to Habeas Review

Before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, a Petitioner must overcome several procedural hurdles. Specifically, the Petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

3

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414.

Specifically, in determining whether a Petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the Petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)).

For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the Petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state

4

procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a Habeas Petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a Petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state procedural grounds for a state court decision absent a clear statement to the contrary. *See Coleman*, 501 U.S. at 735.

To determine if a claim is procedurally defaulted the district court must determine whether: (1) there is a state procedural rule that is applicable to the Petitioner's claim and that the Petitioner failed to comply with the rule; (2) whether the state courts actually enforced the state procedural sanction; and (3) whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). If a Petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

Finally, AEDPA provides that a "1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This limitations period starts to run from the latest of four circumstances. *Id.* The circumstance applicable to this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*; §

5

2244(d)(1)(A).  AEDPA further provides that the limitations period is tolled during the pendency of a "properly filed application for state post-conviction or other collateral review."  *Id.* § 2244(d)(2).

AEDPA's limitations period is subject to equitable tolling, *see Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010), a doctrine that "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted).  Courts, however, grant equitable tolling "sparingly."  *Id.* at 784.  A Habeas Petitioner is entitled to equitable tolling only if two requirements are met.  First, the Petitioner must establish "that he has been pursuing his rights diligently."  *Holland,* 130 S.Ct. at 2562 (internal quotation marks omitted).  Second, the Petitioner must show "that some extraordinary circumstance stood in his way and prevented timely filing."  *Id.* (internal quotation marks omitted).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court and which are brought to the federal court within one year after state court review is complete.  Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), or not presented within the statute of limitation period, are generally not cognizable on federal habeas review.

## DISCUSSION

Petitioner acknowledges that his habeas Petition is untimely by approximately twenty years.  The Ohio Supreme Court denied his appeal on March 18, 1977.  Petitioners whose convictions became final prior to the effective date of AEDPA, April 24, 1996, have one year from the effective date in which to file their petitions.  *See Searcy v. Carter,* 246 F.3d 515, 517 (6th Cir. 2001); *Hyatt v. United States,* 207 F.3d 831, 832 (2000).  Petitioner therefore had until April 24, 1997 to file his

habeas Petition. He filed this Petition in the Southern District of Ohio on May 26, 2017, well beyond the expiration of the statute of limitations.

Petitioner asserts the statute of limitations should be tolled for the time he was evading capture after his escape from prison. This does not satisfy either criteria of *Holland*. First, Petitioner was not diligently pursuing his rights during this time period. Second, while escape may be an extraordinary circumstance, Petitioner created this situation. It did not prevent him from timely filing. It made it less convenient for him to litigate due to the risk of giving away his location to law enforcement. Petitioner has not met the criteria for tolling the statute of limitations.

## Conclusion

For all the foregoing reasons, Petitioner's Application to Proceed *In Forma Pauperis* (Doc. No. 1) is granted, the Petition (Doc. No. 4) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge